IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES EVERETT WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 119-179 |
| | ) | |
| FPL FOOD, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names FPL Foods, LLC ("FPL") as the only Defendant. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff began working for FPL as an air injector in May, 2018, through Express Professional Staffing. (Doc. no. 1-1, p. 1.) Shortly after beginning work for FPL, Plaintiff developed a chronic cough, eye irritations, eye infections, nausea, diarrhea, dizziness, light headedness, and shortness of breath. (Id.) On August 7, 2018, an OSHA representative interviewed Plaintiff, and Plaintiff told the interviewer he was having upper respiratory problems, which did not begin until after Plaintiff started working for FPL. (Id.) The problems occurred because of acidified sodium chlorite at FPL. (Id.) A few days after the interview, a nurse contacted Plaintiff to examine him. (Id.) Plaintiff told the nurse the same thing as the interviewer. (Id.)

Two months after Plaintiff began working at FPL, Plaintiff began working next to an acidic sodium chlorite shower, causing his symptoms to worsen. (Id.) Plaintiff worked so close to the shower that after working his clothes were saturated in the chemical. (Id.) Plaintiff asked his supervisor for a respirator or other proper equipment daily, but Plaintiff never received anything. (Id.) Plaintiff attempted to get treatment from his primary care physician, but treatment was unsuccessful. (Id.) Plaintiff notified his supervisor and FPL of his symptoms on numerous occasions before June 25, 2019. (Id.) On June 25, 2019, Plaintiff spoke with Will Blythe, who had Plaintiff write an incident report about the exposure to the chemicals. (Id.) Plaintiff was later diagnosed with acute asthma symptoms. (Id.)

From July 2, 2019 to July 9, 2019, Plaintiff missed work to have further tests done. (Id.) He was not scheduled to go back to work until July 10, 2019, but on July 9, 2019, Plaintiff went to work to discuss a temporary leave of absence until his body recovered because he was not responding to treatment. (Id.) Plaintiff went to the human resources office at FPL and gave Jessica Bokknight a letter stating he would like to take a temporary leave of absence until he was medically cleared to return to work. (Id.) Ms. Bokknight asked Plaintiff to clarify what he was

saying because she thought he was asking to resign. (Id.) Plaintiff corrected her and stated he only wanted a leave to make sure his cleared medically. (Id.) Ms. Bokknight then went into Mr. Blyth's office and came out with a separation of employment agreement with Plaintiff's name on it. (Id.) Security escorted Plaintiff out of the office before he could discuss the separation agreement more. (Id.) For relief, Plaintiff requests unspecified compensatory damages. (Id. at 7.)

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff has arguably stated viable claims against FPL under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2611-2619, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112. Accordingly, process shall issue as to FPL.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant FPL Foods, LLC. The United States Marshal shall mail a copy of the complaint, (doc. no. 1), and this Order by first-class mail and request that Defendant waive formal service of the summons. Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for failure to return the waiver. Fed. R. Civ. P. 4(d)(2). A defendant whose return of the waiver is timely does not have to answer the complaint until sixty days after the date the Marshal mails the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within ninety days of the date of this Order, and the failure to do so may result in the dismissal of any unserved defendant or the entire case. Fed. R. Civ. P. 4(m). Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate Defendant to effect service.

3

**IT IS FURTHER ORDERED** Plaintiff shall serve upon Defendant, or upon their defense attorney(s) if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendant or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendants. Upon being given at least five days' notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case. The defendant shall ensure Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing

4

for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four months after the filing of the first answer of the defendant named in the amended complaint screened herein.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of the Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendants' motion and grant the dismissal.

A response to a motion for summary judgment must be filed within twenty-one days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no

opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 1st day of November, 2019, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA